**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CIVIL ACTION NO. 1:05-CV-2184** |
| **ex rel. TED D. KOSENSKE, M.D.** | : | |
| | : | **(Judge Conner)** |
| **Plaintiff** | : | |
| | : | |
| **v.** | : | |
| | : | |
| **CARLISLE HMA, INC., et al.,** | : | |
| | : | |
| **Defendants** | : | |

## <u>ORDER</u>

AND NOW, this 29th day of June, 2006, upon consideration of the

government's notice of election to decline intervention (Doc. 5) in the above-

captioned case, brought pursuant to the *qui tam* provisions of the False Claims Act,

31 U.S.C. §§ 3729-3733, in which the government requests that "all . . . papers on file

in this action" other than the complaint, the instant notice, and this order remain

under seal (Doc. 5), and it appearing that the Act does not provide for documents

filed of record to remain under seal at the request of the government following its

election to decline intervention, <u>see</u> 31 U.S.C. § 3730(b)(2), (b)(3) (providing that

documents filed of record may remain under seal during extended period in which

government considers intervention only for "good cause shown"); <u>see also</u> <u>United</u>

<u>States ex rel. Fender v. Tenet Healthcare Corp.</u>, 105 F. Supp. 2d 1228, 1230-31 (N.D.

Ala. 2000) ("[I]f the United States does intervene in a [*qui tam*] case it may no longer

petition the court for an extension of time to hold the case under seal . . . ."); <u>United</u>

<u>States ex rel. Dep't of Defense v. CACI Int'l Inc.</u>, 885 F. Supp. 80, 81-83 (S.D.N.Y.

1995) (same), and it further appearing that the government does not offer good

cause for the request that certain documents remain under seal,[1] see United States

ex rel. Erickson v. Univ. of Wash. Physicians, 339 F. Supp. 2d 1124, 1126-27 (W.D.

Wash. 2004) (stating that the court has discretion to maintain certain documents

under seal on motion of government when unsealing would result in "disclosure of

confidential investigative techniques, of information which could jeopardize an

ongoing investigation, or of matters which could injure non-parties"); United States

ex rel. O'Keefe v. McDonnell Douglas Corp., 902 F. Supp. 189, 191-92 (E.D. Mo.

1995) (same); United States ex rel. Mikes v. Straus, 846 F. Supp. 21, 23 (S.D.N.Y.

1994) (same),[2] it is hereby ORDERED that:

    1.    The Clerk of Court is directed to UNSEAL the complaint and other documents filed previously or hereafter in the above-captioned case, with the exception of the document titled "Written Disclosure of Material Evidence in Support of the False Claims Act Complaint" (Doc. 2). See 31 U.S.C. § 3730(b)(2), (b)(3), (c)(3).

---

[1] The court has reviewed the documents at issue and, with the exception of the document titled "Written Disclosure of Material Evidence in Support of the False Claims Act Complaint" (Doc. 2), finds them devoid of any information that could potentially disclose investigative techniques or other arguably privileged information. (See Doc. 3 (requesting extension of period for consideration of intervention because the government is "gathering [unspecified] information" and relying on "the assistance of other entities for verification and documentation")). The court notes, however, that although plaintiff-relator redacted some of the patient identification information in the written disclosure document (see, e.g., Doc. 2, Ex. 2 at 18-21), other such information, including patient names, addresses, and medicare and identification numbers, remains unredacted (see, e.g., Doc. 2, Ex. 2 at 2-17). Accordingly, to maintain the privacy of non-party patients, the court will keep this document under seal, but direct plaintiff-relator to file a more thoroughly redacted version.

[2] Cf. 31 U.S.C. § 3730(c)(4) (permitting a stay of discovery upon a showing by the government in camera that "certain actions of discovery by the person initiating the action would interfere with the Government's investigation or prosecution of a criminal or civil matter arising out of the same facts").

2.    Plaintiff-relator shall file, on or before July 19, 2006, a new version of the document titled "Written Disclosure of Material Evidence in Support of the False Claims Act Complaint" (Doc. 2), <u>redacting all patient identification information</u>.

3.    Plaintiff-relator shall serve on defendants on or before July 19, 2006, the complaint, documents filed of record, and orders of the court entered in the above-captioned case.  <u>See</u> 31 U.S.C. § 3730(b)(3).

4.    The parties shall serve on the United States all pleadings and documents filed of record hereafter in the above-captioned case and, upon request of and at the expense of the United States, shall provide the United States with copies of deposition transcripts.  <u>See</u> 31 U.S.C. § 3730(c)(3), (c)(4).

5.    The Clerk of Court is directed to forward to the United States copies of all orders of court entered hereafter in the above-captioned case.  <u>See</u> 31 U.S.C. § 3730(c)(3), (c)(4).

6.    Any motion for or notice of dismissal under Federal Rule of Civil Procedure 41 shall be accompanied by a certificate of the United States's consent to the dismissal, which shall include the reasons for such consent and shall be signed by counsel for the United States.  <u>See</u> 31 U.S.C. § 3730(b)(1) (providing that *qui tam* actions "may be dismissed only if the court and the Attorney General give written consent to the dismissal and their reasons for consenting"); <u>see also</u> <u>Minotti v. Lensink</u>, 895 F.2d 100, 103-04 (2d Cir. 1990) (stating that § 3730(b)(1) "applies only in cases where a plaintiff seeks voluntary dismissal of a claim or action brought under the False Claims Act, and not where the court orders dismissal").[3]

   _/s/ Christopher C. Conner_
   CHRISTOPHER C. CONNER
   United States District Judge

---

[3] <u>Accord</u> <u>United States ex rel. Shaver v. Lucas W. Corp.</u>, 237 F.3d 932, 934 (8th Cir. 2001); <u>United States v. Health Possibilities, P.S.C.</u>, 207 F.3d 335, 343-44 (6th Cir. 2000); <u>In re Schimmels</u>, 127 F.3d 875, 883 n.16 (9th Cir. 1997); <u>Searcy v. Philips Elecs. N. Am. Corp.</u>, 117 F.3d 154, 158-60 (5th Cir. 1997); <u>United States ex rel. Milam v. Univ. of Tex. M.D. Anderson Cancer Ctr.</u>, 961 F.2d 46, 49 (4th Cir. 1992).